UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.         CR NO. 07-470M (JMF)

**TIMOTHY STEWART,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall─include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. The police have been investigating the defendant's drug dealing activities for the past 4 or 5 months.

2. On September 19, 2007, the defendant and an undercover officer agreed that the defendant would sell the officer 62 grams of crack cocaine for $2,200. On that day, they met in the Hechinger mall, located in the 1500th block of Benning Road, N.E., Washington D.C.

3. The defendant entered the undercover officer's car and exchanged the drugs for the money. This transaction was audio and video taped.

4. The undercover officer signaled fellow officers to arrest the defendant.

Defendant tried to escape but was apprehended. He threw a bag, containing the money on the ground and it was retrieved. The bills had been xeroxed before being given the defendant.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Crack cocaine is, of course, a narcotic drug and the defendant is accused of selling it.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant has lived in the District of Columbia for his entire life and lives with his mother in the Northeast part of the District. He is unemployed.

**The weight of the evidence.** At this point, the weight of the evidence is overwhelming. Defendant sold the drugs to an undercover officer, the transaction was audio and video taped,

and he was arrested nearby.

**History relating to drug or alcohol abuse.** The Pre-Trial Services report indicates that the defendant had tested positive for drug use while on pre-trial supervision in the Superior Court. Testing was suspended on September 6, 2007 due to the defendant's failure to report.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** The defendant has one prior conviction for possession of marijuana. More significantly, he has been indicted in the Superior Court on a charge of Carrying a Pistol without a License and will appear before Judge Canan on October 10, 2007.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The government's case is overwhelming and defendant is unemployed. Most significantly, there is now probable cause to believe that the defendant committed the crime charged in this case while on judicial supervision for a nearly identical offense in the Superior Court. He also failed to report for drug testing in the Superior Court. The defendant has proffered nothing to rebut the presumption of his dangerousness created by the Bail Reform Act and I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

\_\_\_\_/S/_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**October 1, 2007**